UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SIMMONS,

                Petitioner,                Case Number: 09-CV-10040

v.                                            HON. MARK A. GOLDSMITH

THOMAS PHILLIPS,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner James Simmons was convicted following a jury trial in Washtenaw County Circuit Court of attempted breaking and entering with intent to commit larceny, Mich. Comp. Laws §§ 750.110, 750.92 and fingerprinting refusal, Mich. Comp. Laws § 28.243a. He was sentenced to three to ten years in prison for the attempted breaking and entering conviction and to time served for the fingerprinting refusal conviction. He has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his attempted breaking and entering conviction is unconstitutional because the trial court refused Petitioner's request for new counsel without adequately inquiring into a claimed breakdown in the attorney-client relationship, and because insufficient evidence was presented to sustain the attempted breaking and entering conviction. The Court finds that Petitioner is not entitled to habeas corpus relief and, accordingly, will deny the petition.

### I. Facts

The Michigan Court of Appeals summarized the testimony leading to Petitioner's convictions as follows:

> This case involves defendant's attempt to enter Lake's Radiator Service in Ypsilanti on August 15, 2006, at approximately 7:40 p.m. Ypsilanti Police Officer Yuchasz was patrolling the area, and saw defendant looking into the garage's side windows. The building did not appear to have activity in it. Yuchasz saw defendant shake a door to the building, and then move to the front. Defendant appeared to look in one of the front windows, and then grabbed the front door handle. He shook the front door, and then slammed his shoulder into the door two or three times. At that point, defendant's companion, Joseph Halton, saw the police and yelled to defendant. Defendant started to walk away, but stopped when Yuchasz ordered him to do so. After providing Yuchasz with a false name, defendant explained that he was trying to purchase a radiator for his car. After Yuchasz told defendant that he recognized him, defendant became aggressive. He later refused to cooperate with the booking procedures, and refused to be fingerprinted.

*People v. Simmons,* No. 277239, 2008 WL 2038416, at *1 (Mich. Ct. App. May 13, 2008).

## II. Procedural History

Following a jury trial, Petitioner was convicted of attempted breaking and entering with intent to commit larceny and fingerprinting refusal. He filed an appeal of right in the Michigan Court of Appeals raising these claims:

I. Appellant is entitled to a new trial because there was an attorney-client breakdown and the trial court refused appellant's request for new counsel without an adequate inquiry into the breakdown.

II. Appellant was denied due process of law since there was insufficient evidence to support a conviction of attempted breaking and entering with intent.

The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded the matter to the trial court with instructions to issue an amended judgment of sentence to correct a clerical error. *Id.*

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Simmons*, No. 136608 (Mich. Sept. 9, 2008).

Petitioner then filed this petition for a writ of habeas corpus. He raises the same claims

raised in state court.

### III.  Discussion

### A.  Standard of Review

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application

of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Lastly, a federal habeas court must presume the correctness of state court factual

4

determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Request for Substitute Counsel

Petitioner argues that habeas relief is warranted because he advised the trial court about a breakdown in the attorney-client relationship on the day scheduled for trial to commence and the trial court denied Petitioner's request for new counsel without an adequate inquiry into the breakdown. The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel in his defense, and gives an indigent criminal defendant the right to the assistance of court-appointed counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). "[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'" *Wheat v. United States*, 486 U.S. 153, 159 (1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.'" *Wheat*, 486 U.S. at 159 (quoting *United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984)). Further, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.*

The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983). Thus, "when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." *Ray v. Curtis*, 21 F. App'x 333, 335 (6th Cir. 2001). This is so because "those who do not have the means to hire their own lawyers have no cognizable complaint

so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989).

In this case, the Michigan Court of Appeals held that Petitioner failed to show good cause to substitute counsel or that substitution of counsel would not unreasonably disrupt the judicial process. Petitioner argued that, because he had decided to file a grievance against his attorney, substitution of counsel was warranted. The state court noted that Petitioner failed to provide any underlying rationale for his decision to file a grievance and failed to provide any support for his argument that his attorney would be biased against him because he filed a grievance. Moreover, the state court reasoned that Petitioner failed to explain any differences between him and his attorney regarding fundamental trial tactics. Based upon the foregoing, the state court concluded that the trial court did not abuse its discretion in denying Petitioner's request for substitute counsel. *Simmons*, 2008 WL 2038416, at *2.

Focusing on the quality of representation received, as this Court must on habeas review, the Court finds that Petitioner was not prejudiced by the trial court's refusal to appoint substitute counsel. Petitioner fails to show any instances in which counsel was ineffective, fails to cite specific examples of any breakdown in communication or difference in strategy, and fails to show that the late request for substitute counsel, a request made on the day of trial, if granted, would not disrupt the judicial process. Accordingly, the Court finds that the state court's decision was not an unreasonable application of, or contrary to, Supreme Court precedent. Habeas relief is denied on this claim.

### C. Sufficiency of the Evidence

Petitioner argues that insufficient evidence was presented to prove, beyond a reasonable

doubt, that he was guilty of breaking and entering with intent to commit larceny.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16). "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674

(2010) (quoting *Jackson*, 443 U.S. at 326).

Under Michigan law, the elements of breaking and entering are: "'(1) the defendant broke into a building, (2) the defendant entered the building, and (3) at the time of the breaking and entering, the defendant intended to commit a larceny or felony therein.'" *Simmons*, 2008 WL 2038416, at *2 (quoting *People v. Adams*, 509 N.W.2d 530, 532 (1993)). Attempt consists of "(1) an intent to commit an offense prohibited by law, and (2) any act toward the commission of the intended offense." *Simmons*, 2008 WL 2038416, at *3.

The Michigan Court of Appeals, although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's conviction. The court wrote, in relevant part:

> [D]efendant argues that the prosecutor failed to present evidence that defendant intended to commit a larceny when he tried to enter the service building. Defendant ignores the impact of the testimony from Halton. Halton testified that they walked to the building from a friend's home. When they arrived, defendant looked inside the building through a window. Defendant told Halton that there were "a lot of tools in there" and that "he can get them." Defendant then jiggled the handle of the door, but it would not open. Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient to establish the element of intent. . . . Halton's testimony, especially when combined with the other testimony concerning Defendant's attempt to enter, provided circumstantial evidence to support a finding that defendant intended to steal the tools at the time he tried to enter the building.

*Simmons*, 2008 WL 2038416, at *2.

In light of the direct and circumstantial evidence presented which supported the prosecution's theory that Petitioner intended to commit a breaking and entering, the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements proven beyond a reasonable doubt was reasonable. Habeas relief is not warranted.

## II. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are denied, and the matter is dismissed.

SO ORDERED.

 s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

DATED: November 10, 2011